UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, )
    Plaintiff, )
                                    ) Case No. MJ08-441
    v. )
ANDREW KYLE WHITTECAR, ) DETENTION ORDER
    Defendant. )
_____ )

<u>Offenses charged</u>:

    Count 1:    Conspiracy to Transport Firearms, in violation of 18, U.S.C. §§ 371, 922(a)(5), and 922(e).

<u>Date of Detention Hearing</u>:    October 8, 2008

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds the following:

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1)    The defendant does not appear to pose a risk of flight, because he has been a resident of the community for more than 8 years, has a job, a wife and family. Moreover, he does not have any failures to appear for court proceedings on his record, and did not seek to flee when he found out that he was a suspect in criminal identity theft charges in November 2006.

(2) The defendant is being detained as a potential danger to the community that cannot be otherwise be avoided without pretrial detention. The burden on the government is to establish the need for detention on this prong by clear and convincing evidence. The government has done so.

(3) When examining the factors for detention identified in 18 U.S.C. §3142(g) the court is to examine first, the nature and seriousness of the offense charged, including whether the offense involves firearms. This offense involves the distribution of a substantial number of firearms, including firearms that have been illegally modified. In addition, when the defendant was arrested, marijuana, magazines and bullets were also found in his car.

(4) As to the second factor identified in 18 U.S.C. § 3142(g), the weight of the evidence is very strong. This, however, is the least important of the factors to be considered.

(5) As to the third factor identified in 18 U.S.C. §3142(g), the personal characteristics of the defendant, the evidence is mixed. The defendant is married and has a family. He also has a job and ties to the community. Accordingly, the Court concludes as noted above, he does not pose a risk of flight. The Court is concerned because the defendant has been consuming controlled substances (marijuana) on a daily basis.

(6) As to the fourth factor identified in 18 U.S.C. § 3142 (g), the nature and seriousness of the danger to the community, the Court is persuaded that this factor tips in favor of detention. Prior to his arrest, the defendant was being investigated for identity theft. According to the Assistant United States Attorney, the defendant "confessed." This "confession" took place in November 2006, nearly 2 years prior to the detention hearing in this case. The government claims that the Secret Service agents have been too busy with the

| | | |
|---|---|---|
|01| |presidential campaign to pursue the charge, but the campaign does not|
|02| |plausibly justify a nearly two-year delay in bringing identity theft charges,|
|03| |particularly in light of a "confession."  Accordingly, the undersigned does not|
|04| |consider the "confession" to be evidence of other criminal conduct for|
|05| |purposes of this detention hearing.  It is relevant, however, because the|
|06| |defendant was aware that he was the subject of some sort of investigation, and|
|07| |yet was not deterred by that investigation from committing the acts that are the|
|08| |subject of the charges.  In addition, the defendant has been a suspect in an|
|09| |attempted armed robbery.  The offense involved a firearm.  Ultimately,|
|10| |however, no formal charges were filed.  In addition, the Assistant United|
|11| |States Attorney proffered that the defendant was quite aware of the Assistant|
|12| |United States Attorney who was assigned to the case, and indicated he had|
|13| |done some research on him.  Although the Court does not interpret this as|
|14| |evidence of a direct threat against the Assistant United States Attorney, in|
|15| |light of the substantial number of firearms at issue, the nature of the firearms,|
|16| |and the brazenness of the conduct alleged in this case in light of an on-going|
|17| |identity theft investigation, this weighs in favor of detention when considering|
|18| |danger to the community.|
|19|(7)|Accordingly, the Court finds that there are no conditions other than detention|
|20| |that will reasonably ensure the safety of the community.|
|21| |IT IS THEREFORE ORDERED:|
|22|(1)|Defendant shall be detained pending trial and committed to the custody of the|
|23| |Attorney General for confinement in a correctional facility separate, to the|
|24| |extent practicable, from persons awaiting or serving sentences or being held in|
|25| |custody pending appeal;|
|26|(2)|Defendant shall be afforded reasonable opportunity for private consultation|

|     |     |     |
| --- | --- | --- |
| 01  |     | with counsel; |
| 02  | (3) | On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and |
| 06  | (4) | The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer. |

DATED this 8th day of October, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge